IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. TESSEN,

                Plaintiff,

v.                                                 OPINION & ORDER

CAPTAIN NELSON, SGT. D. BOETCHER,             16-cv-666-jdp
and OFFICER L.P.L.

                Defendants.

---

    Plaintiff Robert W. Tessen, an inmate at the Portage County Jail, brings this lawsuit alleging that jail officials failed to provide him with adequate writing materials, which kept him from filing legal papers. The court has already allowed Tessen to proceed without prepayment of any portion of the filing fee.

    The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Tessen is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

    After reviewing the complaint with these principles in mind, I conclude that Tessen's vague allegations violate Federal Rule of Civil Procedure 8, so I will give him a chance to file an amended complaint that fixes this problem.

ALLEGATIONS OF FACT

    Plaintiff Robert W. Tessen is an inmate at the Portage County Jail. In late July 2016, Tessen requested "some paper so he could draft some legal pleadings he wanted to file."

Dkt. 1, at 2. A defendant officer with the initials L.P.L. denied Tessen's request, stating that he could "order an indigent kit when [his] balance is $0.00." *Id*. Tessen filed a grievance about the denial of paper and mailing materials. Defendant D. Boetcher denied the grievance but added that he would provide Tessen with a few sheets of paper. Tessen appealed the denial, but Boetcher and defendant Captain Nelson denied it, stating in part that Tessen did not need mailing supplies because jail staff could walk any court papers over to the court. But regardless of the issue of mail supplies, the "indigent kit" discussed by defendants contained only three or four sheets of paper, not enough for Tessen's needs. Tessen states that the lack of supplies "caused [him] to miss his statutory deadlines and Administrative deadlines to challenge his sanction and hinder or hurt his ability to file motions or petitions or pleadings with various state courts." *Id*. at 3.

ANALYSIS

I take Tessen to be alleging that defendants violated his right to access the courts. Prisoners have a constitutional right to "meaningful access to the courts" to pursue postconviction remedies and to challenge the conditions of their confinement. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865-66 (7th Cir. 2004). To succeed on such a claim, a plaintiff must show that the defendants' interference caused an "actual injury," which means that it must have caused the plaintiff to lose a meritorious claim or the chance to seek particular relief. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002); *Lewis v. Casey*, 518 U.S. 343, 346-348 (1996).

At this point, Tessen's allegations are too vague to support an access to the courts claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and

plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Tessen's allegations do not comply with Rule 8 in part because he does not explain what type of case or cases he was pursuing.[1] "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354; *see also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (construing *Lewis* to "limit[ ] right of access to the courts to prisoners' ability 'to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement'" (quoting *Lewis*, 518 U.S. at 355)). It is also unclear how Tessen was harmed. I can infer from Tessen's allegations that one of the cases affected by his lack of supplies was a criminal case, but materials attached to the complaint suggest that Tessen was represented by the state public defender, Dkt. 1-1, at 1, so it is unclear how the lack of writing materials affected that case.

I will dismiss Tessen's complaint and give him a short time to file an amended complaint that explains his access to the courts claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain (1) what case or cases were harmed by the lack of writing materials; (2) what filings or communications he was unable to make because of the limitation; and (3) what happened in his litigation that he believes would not have happened

---

[1] Tessen mentions "various state courts," which implies that he was kept from litigating more than one case.

had he been provided with adequate supplies. If Tessen does not submit an amended complaint by the deadline set forth below, I will dismiss this case for his failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Robert W. Tessen's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until December 6, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

Entered November 15, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge